## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**LLOYD LAUW COLLISION REPAIR**          **CASE NO.  2:22-CV-00756**
**CENTER L L C**

**VERSUS**                               **JUDGE JAMES D. CAIN, JR.**

**AMTRUST INSURANCE CO**                 **MAGISTRATE JUDGE KAY**

## <u>MEMORANDUM RULING</u>

Before the Court is "Amtrust Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6), or, in the Alternative, Motion for Summary Judgment Under Federal Rule of Civil Procedure 56" (Doc. 5). Considering that the parties have attached exhibits outside of the pleadings for the Court to consider, the Court will consider the motion pursuant to Rule 56.

## <u>FACTUAL STATEMENT</u>

Plaintiff, Lloyd Lauw Collision Repair Center LLC ("Lloyd Lauw") has a business in Sulphur, Louisiana that was damaged by Hurricane Laura on or about August 27, 2020. Defendant AmTrust Insurance Company ("AmTrust") insured the property during the relevant time period.[1] AmTrust was given full access to inspect Lloyd Lauw's business on September 10, 2020.[2]

---

[1] Doc. 1, ¶ 11.
[2] Doc. 9, p. 2.

AmTrust requested the appraisal process on November 12, 2021.[3] Lloyd Lauw has not nominated its own appraiser and has not participated in the identification of an umpire.[4] On November 22, 2021, AmTrust made an inquiry to Lloyd Lauw to participate in mediation, in lieu of the appraisal process.[5] Lloyd Lauw agreed to proceed with a mediation to resolve the remaining dispute, but the parties were unsuccessful.[6]

The Policy's appraisal provision provides that:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.   The two appraisers will select an umpire.   If they cannot agree, either party may request that selection be made b y a judge of a court having jurisdiction.  Each appraiser will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire.   Any outcome of the appraisal will not be binding on either party. Each party will:
>
> **a.**  Pay its chosen appraiser; and
> **b.**  Bear the expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.[7]

The policy also contains a cooperation clause in the "Duties in the Event of Loss or Damage" as follows:

**a.**  You must see that the following are done in the event of loss damage to Covered property:

*** 

**(8)** Cooperate with us in the investigation or settlement of the claim.[8]

---

[3] Defendant's exhibit A, Affidavit of David G. Hahn.
[4] *Id.*
[5] Plaintiff's exhibit C.
[6] Plaintiff's exhibit D, Affidavit of John Houghtaling; Plaintiff's exhibit E, Affidavit of Yulia Houghtaling, Plaintiff's exhibit F, Affidavit of Wells Watson.
[7] Defendant's exhibit B, p. 2.
[8] *Id.* p. 11.

The policy contains the following provision regarding "Legal Action Against Us":

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

1.  There has been full compliance with all of the terms of this Coverage Part; and

2.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.[9]

Following the unsuccessful mediation, AmTrust did not contact Lloyd Lauw's counsel regarding the appraisal process.[10] Lloyd Lauw filed the instant lawsuit on March 18, 2022.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

---

[9] *Id.*CP 00 90 07 88.
[10] Plaintiff's exhibit F, ¶ 5.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

AmTrust maintains that the instant lawsuit must be dismissed because Lloyd Lauw have failed to cooperate as a condition of coverage due to Lloyd Lauw's failure to nominate an appraiser.  AmTrust argues that the appraisal process is a condition of coverage and a mandatory prerequisite to a suit being filed against it. AmTrust seeks to void coverage under the policy and eliminate any possibility of an action against AmTrust.

Lloyd Lauw remarks that the correspondence between it and AmTrust indicates that AmTrust requested mediation instead of the appraisal process so as to not incur "the time

and expense associated with appraisal."[11] Lloyd Lauw remarks that the mediation was chosen in lieu of the appraisal process, which it suggests is instead of, or in place of, or in exchange or return for, noting the definition of "in lieu of" in Black's Law Dictionary. Lloyd Lauw also notes that after the unsuccessful mediation, AmTrust did not request an appraisal.[12]

Lloyd Lauw also argues that AmTrust's appraisal request was untimely citing *Sevier v. U.S. Fid. & Guar. Co.,* 497 So.2d 1380, 1384 (La. 1986) (finding that a demand for appraisal not made within 60 days after receiving satisfactory proof of loss was untimely). *See also Triple K. Inc. v. Century Sur. Co.*, 2010 WL 3418237 (E.D. La. Aug. 23, 2010) (finding that a reasonable time to request an appraisal was withing 30 days after receipt or proof of loss).

Lloyd Lauw remarks that AmTrust was given full access to inspect Lloyd Lauw on September 10, 2020, which it considers sufficient proof of loss. After the inspection, Lloyd Lauw, Sr. contacted AmTrust multiple times in the Fall of 2020 and Spring of 2021 informing AmTrust that their evaluation of property damage was incorrect and that Amtrust owed insurance proceeds.[13]

The appraisal demand was made on November 12, 2021, over a year after AmTrust made its inspection on September 10, 2020. In addition, AmTrust requested mediation, which Lloyd Lauw agreed, in lieu of the appraisal.

---

[11] Plaintiff's exhibit C.
[12] Plaintiff's exhibit F.
[13] Plaintiff's exhibit A.

The Court finds that the request for appraisal was untimely and considering that AmTrust requested mediation in lieu of the appraisal process, the Court further finds that even if the appraisal process was timely, AmTrust waived the appraisal process. Furthermore, the Court does not interpret the policy to mandate that the policyholder participate in the appraisal process prior to filing suit.

<u>**CONCLUSION**</u>

For the reasons set forth herein the Amtrust Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6), or, in the Alternative, Motion for Summary Judgment Under Federal Rule of Civil Procedure 56 (Doc. 5) will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 8th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**